UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO and
MICHAEL GARRISON,                              No. 08-11173

                  Plaintiffs,                  District Judge Thomas L. Ludington

v.                                             Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
et.al.,

                  Defendants.
_____/

**REPORT AND RECOMMENDATION RE: CLASS CERTIFICATION**

Before the Court is Plaintiffs' Rule 23 Motion for Class Action Certification
[Docket #21]. Because this is a dispositive motion, *see* E.D. Mich. L.R. 7.1(d)(1)(A), I
must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For
the reasons set forth below, I recommend that the motion be DENIED.

## I.   BACKGROUND

On March 19, 2008, the Plaintiffs, both prison inmates in the custody of the
Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint,
naming 22 defendants, most of them MDOC employees. The complaint raises numerous
allegations of unconstitutional prison conditions throughout the MDOC. On September
30, 2008, I denied Plaintiffs' motion for appointment of counsel. There are currently six
motions to dismiss or for summary judgment pending.

Plaintiffs seek class certification, pursuant to Fed.R.Civ.P. 23, "on behalf of all
similarly situated minimum security prisoner housed in secure level one open dormitory
facilities with added 7th and 8th bunk cubicles." Plaintiffs allege that the class consists of

-1-

more than 10,000 MDOC inmates.

## II.   LEGAL PRINCIPLES

Class certification is governed by Fed.R.Civ.P. 23, which provides:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Rule is explicit that a class action may not be certified unless the named

plaintiffs satisfy all four of the prerequisites set forth in subdivision (a), as well as at least

one of the conditions set forth in subdivision (b). *In re American Med. Sys., Inc.,* 75 F.3d

1069, 1079 (6th Cir.1996). The named plaintiffs carry the burden of establishing these prerequisites. *See id.*

## III.   DISCUSSION

In this case, class certification must be denied because the Plaintiffs have not satisfied the requirements of Rule 23(a)(4), that is, that "the representative parties will fairly and adequately protect the interests of the class."  These two Plaintiffs are *pro se* inmates who have already been denied the discretionary appointment of counsel. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000) (internal quotation omitted).  *See also Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam) (pro se prisoners are not adequate representatives fairly able to represent the class). Numerous Sixth Circuit cases have similarly held that Rule 23(a)(4) does not permit a *pro se* inmate to serve as class representative.  *See  Howard v. Dougan,* No. 99-2232, 221 F.3d 1334, 2000 WL 876770, \*1 (6th Cir. June 23, 2000) (p.c.) (Ryan, Siler, Clay) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."), *reh'g denied,* 2000 WL 1206591 (6th Cir. Aug.17, 2000), *cert. denied,* 532 U.S. 948, 121 S.Ct. 1417, 149 L.Ed.2d 358 (2001); *Hammond v. O'Dea,* No. 91-5089, 932 F.2d 968, 1991 WL 78161, \*2 (6th Cir. May 14, 1991) (p.c.) (Krupansky, Milburn, Contie) ( *"[P]ro se* prisoners are not adequate representatives fairly able to represent the class.") (citing *Oxendine, supra*); *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir.2001) (p.c.) (Ryan, Cole, S.D. Ohio D.J. Algenon Marbley).

Nor are the Plaintiffs entitled at this time to the appointment of counsel, and indeed,

-3-

their request for counsel has already been denied. *See* Docket #20.   The Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir.2004) (citing *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir.1996)), and "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett,* 110 F. App'x at 635 (citing *Lavado v. Keohane,* 992 F.2d 601, 604-606 (6th Cir.1993)).   Again, there are six dispositive motions pending in the present case, a fact that weighs strongly against the appointment of counsel at this stage of the proceedings.[1]   It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied.

Because the Plaintiffs have not carried their burden under Rule 23(a)(4) of showing that they "will fairly and adequately protect the interests of the class," their motion for class certification should be denied.

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiffs' Rule 23 Motion for Class Action Certification [Docket #21] be DENIED.

Any objections to this  Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947

---

[1]

Rule 23 itself does not itself provide a basis for appointing counsel to an indigent plaintiff. *See Rouse v. Caruso* 2007 WL 909629, *4 (E.D.Mich.,2007).

(6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 28, 2009.

s/Susan Jefferson
Case Manager