UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW CATANZARO, MICHAEL
GARRISON,

                Plaintiffs,

                                                        Case Number 08-11173

v.                                                        Honorable Thomas L. Ludington
                                                        Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al,

                Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
PLAINTIFFS' OBJECTIONS, AND DENYING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

      This matter is before the Court on a report and recommendation issued by Magistrate Judge R. Steven Whalen on April 30, 2009. The magistrate judge recommends that the Court deny Plaintiffs' motion for a preliminary injunction and temporary restraining order [Dkt. # 18] because Plaintiffs have not shown a strong likelihood of success on the merits, irreparable harm, or harm to others or the public interest. The magistrate judge also suggests that Plaintiffs' motion is moot because Plaintiffs' motion challenges the conditions of their confinement and they have each been transferred to a different correctional facility since the filing of their motion. On or about May 22, 2009, Plaintiffs filed objections [Dkt. # 97] to the report and recommendation. For the reasons stated below, Plaintiffs' objections will be overruled and the report and recommendation adopted.

      Plaintiffs raise six objections. Plaintiffs' first and second objections are related. First, Plaintiffs challenge the magistrate judge's statement that Plaintiffs have not shown that the conditions at all Level I facilities are the same as at the correctional facility where they were housed

when they filed their motion. Plaintiffs' second objection is that Plaintiffs' request for injunctive relief is not moot. Plaintiffs represent that between them, they have been confined at nine or more of the twelve Level I facilities and are aware of the conditions at those facilities. Plaintiffs further contend that despite the fact that they are currently housed at different facilities than they were when they filed their motion, they are still subject to the same conditions at the current facilities. Even accepting that Plaintiffs' motion is not moot, Plaintiffs have not shown entitlement to relief on the merits, as discussed in the report and recommendation and below. Thus, Plaintiffs' first and second objections will be overruled.

Plaintiffs' third objection is to the magistrate judge's statement that Plaintiffs have not established that they have been injured as a result of the prison conditions. Plaintiffs contend that they are not required to establish that they have been assaulted or subjected to a deadly communicable disease in order to obtain preliminary injunctive relief. Notably, however, the magistrate judge did not state that a serious injury was a prerequisite to obtaining preliminary injunctive relief. Rather, the magistrate judge considered that circumstance along with Plaintiffs' generalized allegations about overcrowding and unsanitary prison conditions in his analysis of whether Plaintiffs have shown a likelihood of success on the merits. Thus, Plaintiffs' third objection will be overruled.

Plaintiffs' fourth objection is to the magistrate judge's statement that Plaintiffs have not shown that the relief that they request– removing two prisoner bunks from each unit in every Level I institution– will address the possibility of harm that Plaintiffs allege exists. Plaintiffs object that common sense dictates that removal of two bunks will address the harm because "the recent addition of the 2 extra bunks/prisoners caused the overcrowding which resulted in the unconstitutional

conditions (i.e. excessive assaults, disease outbreaks, lack of space etc.)." Despite Plaintiffs' contention, the connection between the bunks and the conditions that Plaintiffs allege exist is speculative. Thus, Plaintiffs' fourth objection will be overruled.

Plaintiffs' fifth objection is to the magistrate judge's characterization of the relief that they seek as "sweeping, Department-wide changes," based on "unsubstantiated allegations." Plaintiffs contend that their allegations are not unsubstantiated because they have attached "sworn" statements to their filings. While Plaintiffs' statements may constitute relevant evidence, such evidence is not sufficient to support preliminary injunctive relief of the nature sought. Thus, Plaintiffs' fifth objection will be overruled.

Plaintiffs' sixth and final objection is to the magistrate judge's statement that Defendants must be accorded wide discretion in the management of prisons. Plaintiffs contend that one of the cases cited by the magistrate judge governs only First Amendment claims of prisoners and not Eighth Amendment claims. This distinction is not material in this context and Plaintiffs' sixth objection will be overruled.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt # 88] is **ADOPTED**.

It is further **ORDERED** that Plaintiffs' objections [Dkt. # 97] are **OVERRULED**.

It is further **ORDERED** that Plaintiffs' motion for a preliminary injunction and temporary restraining order [Dkt. # 18] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2009.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS