UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW CATANZARO, MICHAEL
GARRISON,

                Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
CORRECTIONAL MEDICAL SERVICES,
BRUCE CURTIS, JODI DICKENS,
PATRICIA PERRIN, V. HAKISON,
JAMES RICE, J. McHENRY, JUDY
COTTON, JUDITH DAOUST, D.
SMITH, JOE KLEINHANS, SHERRIE
ROBBINS, STANLEY, P. LEWIS,
JAMES ROTH, R. STEPHENS,
DARLENE RUSSELL, VERCILLA
HART, MARIBETH ZELLER, DEBBIE
RUSS,

                Defendants.

Case Number 08-11173
Honorable Thomas L. Ludington
Magistrate Judge R. Steven Whalen

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, REJECTING AS MOOT
DUPLICATIVE REPORT AND RECOMMENDATION, OVERRULING PLAINTIFFS'
OBJECTIONS, DISMISSING COUNT 1 OF PLAINTIFFS' COMPLAINT, DISMISSING
COUNT 2 OF PLAINTIFFS' COMPLAINT AGAINST CERTAIN DEFENDANTS,
DISMISSING COUNT 5 OF PLAINTIFFS' COMPLAINT AGAINST DEFENDANT
RICE, SEVERING PLAINTIFF CATANZARO'S CLAIMS FROM PLAINTIFF
GARRISON'S CLAIMS, AND DIRECTING THE CLERK OF COURT TO ASSIGN A
NEW CASE NUMBER TO PLAINTIFF GARRISON'S CLAIMS**

This matter is before the Court on two report and recommendations [Dkt. # 126, 127] issued

by Magistrate Judge R. Steven Whalen on August 31, 2009.  As a preliminary matter, the Court

notes that the two reports are identical and it is apparent that the same report and recommendation

was mistakenly filed twice.  Thus, the report and recommendation filed at Docket No. 126 will be

addressed on the merits and the report and recommendation filed at Docket No. 127 will be rejected as moot. Generally, the magistrate judge recommends that the Court grant in part and deny in part the motions to sever Plaintiffs' claims or to dismiss Plaintiffs' complaint [Dkt. # 54, 83] filed by Defendants Michigan Department of Corrections ("MDOC"), Caruso, Curtis, Dickens, Perrin, Hakison, Rice, McHenry, Smith, Kleinhans, Stanley, Lewis, Roth, Stephens, Russell, and Hart. While a motion to dismiss filed by Defendants Daoust, Russ, and Correction Medical Services ("CMS") is also pending [Dkt. # 82], that motion is not addressed by the current report and recommendation.

Plaintiffs have named twenty-two Defendants, including MDOC, the Director of MDOC, CMS, and nineteen employees at the Cooper Street Correctional Facility in Jackson, Michigan. Counts 1 and 2 of the complaint are alleged by both Plaintiffs. In count 1, both Plaintiffs allege Eighth Amendment violations against Defendants MDOC, Caruso, Curtis, Perrin, and Rice, based on allegations that Plaintiffs were deprived of basic human needs. In count 2, both Plaintiffs allege Eighth Amendment violations against Defendants Daoust, Dickens, Robbins, Hakison, Russell, CMS, MDOC, Hart, and Russ, based on allegations that Defendants were deliberately indifferent to Plaintiffs' serious medical needs.

Counts 3 through 5 of the complaint are alleged only by Plaintiff Catanzaro. In count 3, Plaintiff Catanzaro alleges an Eighth Amendment claim against Defendant Kleinhans based on an alleged assault with a motorized cart. In count 4, Plaintiff Catanzaro alleges First Amendment retaliation claims against Defendants Curtis, Cotton, and McHenry. In count 5, Plaintiff Catanzaro alleges Eighth Amendment and First Amendment retaliation claims against Defendants Smith and Rice based on allegations that he was implicitly labeled an FBI "snitch."

Counts 6 through 9 of the complaint are alleged only by Plaintiff Garrison.  In count 6, Plaintiff Garrison alleges First Amendment free exercise and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., claims against Defendants Smith and Stanley.  In count 7, Plaintiff Garrison alleges First Amendment free exercise and retaliation and RLUIPA claims against Defendants Roth, Lewis, Zeller, and Curtis.  In count 8, Plaintiff Garrison alleges First Amendment retaliation claims against Defendants Cotton and Smith. In count 9, Plaintiff Garrison alleges a Fourteenth Amendment due process claim against Defendant Curtis, based on the allegation that Defendant Curtis "illegally deducted his good time credits."

The magistrate judge recommends that the Court grant Defendants' motion to dismiss the following claims: both Plaintiffs' Eighth Amendment claims alleged against Defendants MDOC, Caruso, Curtis, Perrin, and Rice in count 1; both Plaintiffs' Eighth Amendment claims alleged against Defendants Dickens, Hakison, Russell, MDOC, and Hart in count 2; and Plaintiff Catanzaro's First and Eighth Amendment claims against Defendant Rice in count 5.  The magistrate judge  recommends that the Court deny Defendants' motion to dismiss the following claims: Plaintiff Catanzaro's Eighth Amendment claim against Defendant Kleinhans in count 3; and Plaintiff Catanzaro's First and Eighth Amendment claims against Defendant Smith in count 5.  Finally, the magistrate judge recommends granting Defendants' motion to sever Plaintiff Catanzaro's claims from Plaintiff Garrison's claims.

On October 7, 2009, Plaintiffs filed objections [Dkt. # 134] to the report and recommendation.  Each of Plaintiffs' six objections will be addressed, and for the reasons stated below, overruled.  The report and recommendation will be adopted, specific claims dismissed, and Plaintiff Catanzaro's claims severed from Plaintiff Garrison's.

-3-

First, Plaintiffs object that the magistrate judge did not apply the standard of review applicable to motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs contend that the magistrate judge did not accept as true their factual allegations related to count 1 that the conditions in all secure level 1 MDOC facilities are the same. This objection will be overruled because the magistrate judge applied the correct standard of review, as set forth in *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S. Ct. 1937 (2009), which requires Plaintiffs to identify a "plausible" claim for relief, beyond speculation. Plaintiffs have not explained how their claims for both injunctive and monetary relief are more than speculative. Thus, this objection will be overruled.

Second, Plaintiffs object to the emphasis that the magistrate judge placed on the fact that neither Plaintiff has been victimized by way of a stabbing, assault, sexual assault, theft, or other particular harm. Plaintiffs contend that no harm is required to state a claim for relief under the Eighth Amendment, citing *Farmer v. Brennan*, 511 U.S. 825 (1994), *Curry v. Scott*, 249 F.3d 493, 508 (6th Cir. 2001), and *Marsh v. Butler County*, 225 F.3d 1243, 1254 (11th Cir. 2000). However, in each of the cases cited by Plaintiffs, the prisoners alleged specific instances of harm; thus, these cases do not support Plaintiffs' proposition that no harm is required. This objection will be overruled.

Third, Plaintiffs object to the magistrate judge's conclusion that Plaintiffs have not shown, beyond speculation, that the conditions in all secure level 1 MDOC facilities are the same. Plaintiffs contend that they have sought such evidence from Defendants, but that Defendants have refused to provide discovery. At this stage in the proceedings, discovery has not yet been authorized, and

Plaintiffs have not stated a plausible claim for relief. Thus, they are not entitled to discovery on this issue and the objection will be overruled.

Fourth, Plaintiffs object to the magistrate judge's conclusion that the level of medical care provided to Plaintiffs' does not amount to deliberate indifference in violation of the Eighth Amendment. Plaintiffs cite *Dominguez v. Correctional Medical Services*, 555 F.3d 543, 551 (6th Cir. 2009) for the proposition that "when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." However, Plaintiffs have not explained how the medical treatment that they received amounts to "no treatment at all," rather than a difference in judgment between the patient and the physician. This objection will be overruled.

Fifth, Plaintiffs object to the magistrate judge's conclusion that their request for injunctive relief related to count 1 of the complaint is moot, because they could be transferred back to the Cooper Street facility at any time. However, as the magistrate judge explained, the legal authority relied on by Plaintiffs is no longer good law. Based on the facts alleged in this case, whether Plaintiffs may be transferred back to the Cooper Street facility is too speculative to justify relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Moreover, Plaintiffs have not shown that the relief that they request– removing two prisoner bunks from each unit in every Level I institution– will address the possibility of harm that Plaintiffs allege exists. The connection between the bunks and the conditions that Plaintiffs allege exist is speculative, and this objection will be overruled.

Sixth, and finally, Plaintiffs object that their claims should not be severed because neither count 1 nor count 2 is subject to dismissal. This objection will be overruled because, to the extent that Defendants MDOC, Caruso, Curtis, Dickens, Perrin, Hakison, Rice, McHenry, Smith, Keinhans,

Stanley, Lewis, Roth, Stephens, Russell, and Hart challenged counts 1 and 2 in their motions to dismiss [Dkt. # 54, 83], counts 1 and 2 will be dismissed. Even if these counts were not subject to dismissal, joinder in this case would not likely be appropriate, given the differences in claims and Defendants in counts 3 through 9. Thus, this objection will be overruled.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt # 126] is **ADOPTED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 127] is **REJECTED AS MOOT**.

It is further **ORDERED** that Plaintiffs' objections [Dkt. # 134] are **OVERRULED**.

It is further **ORDERED** that count 1 of Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that count 2 of Plaintiffs' complaint, as alleged against Defendants Dickens, Hakison, Russell, CMS, MDOC, and Hart, is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that count 5 of Plaintiffs' complaint, as alleged against Defendant Rice, is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff Catanzaro's claims are **SEVERED** from Plaintiff Garrison's claims. The Clerk of Court is **DIRECTED** to assign a new case number to Plaintiff Garrison's claims, and to notify Plaintiff Garrison of the new case number. Plaintiff Catanzaro claims will be maintained under the current case number, 08-11173.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 19, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS