UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MATTHEW CATANZARO

                                        No. 08-11173

                Plaintiff,              District Judge Thomas L. Ludington

v.                                      Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

                Defendants.
_____


MICHAEL GARRISON,

                                        No. 09-14560

                Plaintiff,
                                        District Judge Thomas L. Ludington

v.
                                        Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss and/or for Summary Judgment [Docket

#82 in both cases] filed by Defendants Debra Russ, Judith Daoust, and Correctional

Medical Services, Inc. ("CMS"), which has been referred for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below,

I recommend that the Motion be granted in both cases, and that these Defendants be

dismissed with prejudice.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Catanzaro and Garrison originally filed a single joint complaint on

March 19, 2008, pursuant 42 U.S.C. § 1983. The events giving rise to their complaint were alleged to have occurred when they were both prison inmates in the custody of the Michigan Department of Corrections ("MDOC") at the Cooper Street Correctional Facility in Jackson, Michigan. They were both subsequently transferred.

The complaint named 22 Defendants, and challenged numerous conditions of confinement alleged to have violated the First, Eighth and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et.seq*. Some of the allegations pertained to both Plaintiffs, while others applied separately to either Mr. Catanzaro or Mr. Garrison.

On August 31, 2009, I filed a Report and Recommendation [Docket #126] that Counts I of the complaint, pertaining to both Plaintiffs, be dismissed, that MDOC Defendants named in Count II be dismissed, and that the remaining separate claims of the two Plaintiffs be severed, one from the other, to proceed as separate actions. On November 19, 2009, the Honorable Thomas J. Ludington accepted the Report and Recommendation and ordered the claims of the two Plaintiffs severed. [Docket #140]. Plaintiff Catanzaro's complaint retained Docket No. 08-11173, and Plaintiff Garrison's case was assigned Docket No. 09-14560.

In Count II, Plaintiff Catanzaro brings an Eighth Amendment claim against Defendant Daoust, alleging that she was deliberately indifferent to his medical needs regarding a back injury.

Plaintiff Garrison also brings an Eight Amendment deliberate indifference claim in Count II, naming Defendants Daoust and Russ. He alleges that when he sought decongestant medication for his chronic sinusitus/rhinitis condition, he was "forced to take non-decongestant medications such as CTM's and antibiotics and nasal sprays, and

claritin which never worked." *Id.* ¶ 70. He states that on August 30, 2007, Defendant

Dickens indicated to him that "no prescription sinus medication is available anymore."

*Id.* ¶ 71. Between September and November of 2007, Garrison was seen several times by

medical personnel, including Defendants Dickins, Russell, Daoust, Hart, Hense and Russ.

*Id*. ¶ 73-77.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint"for failure of the

pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)." In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v.

Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether

it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.-

--, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct.

at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-

1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible"

claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. DISCUSSION

### A. Standards for Establishing Deliberate Indifference

Under the Eighth Amendment, prisoners have a constitutional right to medical care, and prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)*.* An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* Deliberate indifference may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703.

### B. Catanzaro [08-11173]

In Count II, Plaintiff Catanzaro specifically relies on ¶¶ 23-27, 53-54 and 64-65 of the Complaint. The allegations in those paragraphs are insufficient on their face to make out a claim of deliberate indifference. He states that on August 30, 2007, after his back injury, he was seen by Defendant Russell, a nurse, regarding a different problem, but explained the back situation to her. *Complaint*, ¶ 23. Russell agreed to refer the matter to

Physician's Assistant Daoust the next day, and provided Catanzaro with ten 325 mg. aspirin pills for pain. *Id.* Catanzaro was in fact seen by P.S. Daoust the next day. *Id.* ¶ 24. While Plaintiff alleges that Daoust was rude and dismissive, she nevertheless provided extra pillows, with instructions on how to place them under the legs while sleeping, along with instructions for back exercises. Daoust further indicated that Plaintiff's excessive weight and eating habits contributed to his back problems. *Id.* ¶ 24-25. Daoust also drew blood, apparently to check Plaintiff's cholesterol levels. *Id*. ¶ 26.

Thus, Catanzaro concedes that Defendant Daoust both examined him and provided treatment. Assuming the Plaintiff meets the first prong of a deliberate indifference claim–a "sufficiently serious" medical issue–he has not shown, under the second prong, that Daoust disregarded that problem. Although Catanzaro apparently disagrees with the level and quality of treatment he was given, the Eighth Amendment does not permit this Court to second-guess medical judgments or diagnoses. At most, Plaintiff brings a claim of medical negligence or malpractice, not deliberate indifference. *Estelle, supra*, recognized that differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Id.*, 429 U.S. at 105-06. *See also Westlake v. Lucas,* 537 F.2d 857, 860 at n. 5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

Both Daoust and Russ were employees of Defendant CMS. It is well established that liability under § 1983 cannot be based on a theory of *respondeat superior*. *Monell v. Dept. of Social Services of City of New York* , 436 U.S. 658, 691, 98 S.Ct. 2018 (1978),

56 L.Ed.2d 611..  To establish municipal or corporate liability, a plaintiff must show that the injury resulted from a particular policy.  *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993).  Plaintiff has made no such showing here.  Moreover, since the individual Defendants committed no constitutional violations, there obviously can be no liability on the part of CMS.

Catanzaro's deliberate indifference claim in Count II should therefore be dismissed.

### C.    Garrison [09-14560]

Plaintiff Garrison claims deliberate indifference to his medical needs by Defendants Daoust and Russ. He specifically alleges that he was given medications that proved ineffective to relieve his symptoms, rather than medications that he believed were more effective, such as Drixoral, Sudafed and Deconamine.  *Complaint*, ¶¶ 69-77. Significantly, Garrison does not claim that he was not examined or that he received no treatment at all; rather, he disputes the efficacy of his treatment, and expresses disagreement with the medical personnel as to the type of medications that were provided. Again, disputes over the adequacy of treatment might or might not sound in state malpractice law, but find no remedy under the Eighth Amendment.  *Westlake v. Lucas, supra*.

For the reasons discussed in the preceding section, no *respondeat superior* liability can attach to Defendant CMS. Garrison's deliberate indifference claims in Count II should therefore be dismissed as well.

### IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #82 in Case No. 08-11173, and Docket #82 in Case No. 09-14560] be GRANTED, and that

Defendants Daoust, Russ and CMS be DISMISSED WITH PREJUDICE in both cases.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2010.

s/Susan Jefferson
Case Manager