UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

         Plaintiff,

v.

MICHIGAN DEPT. OF CORRECTIONS,
et.al.,

         Defendants.
         /

Case No. 08-11173

District Judge Thomas L. Ludington

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Spoliation Sanctions Against Defendant Michigan Department of Corrections [Doc. #179]. For the reasons discussed below, the motion will be DENIED.

**I.  BACKGROUND**

In his complaint, Plaintiff alleges that on August 29, 2007, Defendant Kleinhans, a maintenance worker, came within three inches of hitting him with a motorized cart. *Complaint*, ¶¶ 15-16.  Plaintiff states that he "jumped to the side of the walk which caused extreme pain to his back just before he would of (sic) been hit." *Id.* ¶ 16. Catanzaro alleges that when he asked Kleinhans if he was going to hit him with the cart, Kleinhans answered, "Damn right you dumb motherfucker, get the fuck out of the way you stupid son-of-a-bitch." *Id.* ¶ 17.

On October 20, 2011, Plaintiff submitted a document request to Defendant Michigan Department of Corrections ("MDOC") requesting video recordings or video camera documentation of the August 29, 2007 incident. The MDOC responded that "upon

information and belief, no such video exists." Plaintiff now contends that he is entitled to spoliation sanctions because of the MDOC's destruction of the video recordings. Specifically, he seeks a mandatory adverse inference instruction.

## II. LEGAL PRINCIPLES RE: SPOLIATION

"[I]t is within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence." *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009). In *Adkins*, the Sixth Circuit held that spoliation sanctions are governed by federal law, and serve both a punitive and a fairness purpose:

> "As our sister circuits have recognized, a proper spoliation sanction should serve both fairness and punitive functions. *See Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 156 (4th Cir.1995) (observing that a proper sanction will serve the 'purpose[s] of leveling the evidentiary playing field and ... sanctioning the improper conduct'). Because failures to produce relevant evidence fall 'along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality,' *Welsh,* 844 F.2d at 1246, the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault. Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence. *Vodusek,* 71 F.3d at 156." *Id.* at 652-53.

The party "seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support the claim or defense." *Residential Funding Corp. v. Degeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), quoted in *Forest Laboratories, Inc. v. Caraco Pharmaceutical Laboratories, Ltd.*, 2009 WL 998402 (E.D. Mich. 2009).

### III.   DISCUSSION

Plaintiff specifically seeks spoliation sanctions, in the form of an adverse inference instruction, against the MDOC. However, on November 19, 2009, the MDOC was dismissed as a Defendant.  *See* Doc. #140.  Therefore, the Plaintiff's request must be denied as moot.

Moreover, to the extent that Plaintiff seeks a vicarious adverse inference instruction against remaining Defendant Kleinhans, that request must be denied because Kleinhans simply had no control over the preservation of the video recording. Again, it must be shown that "that *the party having control over the evidence* had an obligation to preserve it at the time it was destroyed."  *Residential Funding Corp., supra* at 107 (emphasis added).  Kleinhans' affidavit, submitted as Exhibit K to the response to this motion [Doc. #184], states that he is employed by the MDOC as a licensed refrigeration mechanic. *Kleinhans Affidavit*, ¶ 3. He states that he was aware that the facility's camera recording equipment was somewhere near the Control Center, but he did not know exactly where. He recalled that he had access to two rooms "with equipment that could have been the camera recording system." *Id.* ¶ 7. He further states, at ¶ 9:

> "I had a key to the rooms, but I did not know what kind of equipment wsa stored in the rooms.  I did not have access to, nor did I try to access, any of the video equipment in the two rooms. I had no authorization to and I did not know how to access any of the images that could have been stored in the video equipment."

Finally, Kleinhans states, at ¶ 10, "Access to and control of the recorded video in the camera recording system did not fall within my duties as a licensed refrigeration mechanic.  I was the fix it guy, not the video guy."

In *Adkins*, *supra* at 653, the Sixth Circuit remanded to the district court to reconsider its denial of spoliation sanctions, with instructions to apply federal law rather

-3-

than state law. However, the Sixth Circuit expressed agreement with the Defendant correction officer's argument that he should not be subject to spoliation sanctions "if, as he suggests, the preservation of relevant evidence was entirely beyond his control." *See also Jennings v. Bradley*, 419 Fed.Appx. 594, 599-600, 2011 WL 1364063, *4 (6th Cir. 2011) (affirming denial of adverse inference instruction where plaintiff "presented no evidence that Bradley had any control over the videotape or duty to preserve it").

Because Defendant Kleinhans clearly had not control over the video recordings, I am well within my discretion in denying an adverse inference instruction against him.[1]

## IV.　CONCLUSION

Accordingly, Plaintiff's Motion for Spoliation Sanctions Against Defendant Michigan Department of Corrections [Doc. #179] is DENIED.

IT IS SO ORDERED.

                                s/ R. Steven Whalen  
                                R. STEVEN WHALEN  
                                UNITED STATES MAGISTRATE JUDGE

Date: September 5, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 5, 2012.

                                s/Johnetta M. Curry-Williams  
                                Case Manager

---

[1] Because Kleinhans had no control over the video recording, and because the MDOC is no longer a Defendant, it is not necessary to discuss Kleinhans' additional argument that there was no duty to preserve the recording beyond the 35-day period when recordings are routinely erased.